IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MATTHES,

    Plaintiff,                    No. 2:13-cv-0045 AC

  vs.

SOLANO COUNTY DETENTION FACILITIES,

    Defendants.             ORDER

_____/

        Plaintiff, an inmate at Solano County Jail, proceeds pro se in this action seeking injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        *Motion to Proceed in Forma Pauperis*

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average

1

1  monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of
2  this action. 28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty
3  percent of the preceding month's income credited to plaintiff's prison trust account.  These
4  payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court
5  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28
6  U.S.C. § 1915(b)(2).

*The Complaint*

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Summary of the Complaint

Plaintiff has filed a civil rights complaint, along with four subsequent letters or "notices" which appear to allege additional claims that could be addressed in a section 1983 civil rights action.[1] Specifically:

(1) on February 7, 2013, plaintiff filed a complaint (ECF No. 5) alleging that he is not receiving a low-sodium diet, as he has requested, and seeking injunctive relief (namely, proper medical staff);

(2) on March 6, 2013, plaintiff filed a notice (ECF No. 8), alleging that he was burned after removing an unsafe cup from the microwave, and that the cups in the canteen maintained by non-party Aramark do not have handles;

(3) on March 11, 2013, plaintiff filed a letter (ECF No. 9 at 1), advising that he "was violated by the actions of the medical staff on 3 different occasions having me as a inmate facilitate a medical procedure on myself such as withdrawing my own blood. . . ." and that he had filed "two more complaints on this facility one for no exercise equipment and yard with zero pull-ups or dip bars nothing"; and

---

[1] Plaintiff also initiated this action by letter, which prompted the court's January 15, 2013 order directing plaintiff to file an appropriate complaint.

(4) on March 11, 2013, plaintiff filed a second letter (ECF No. 9 at 2) about the living conditions at Claybank Detention Facility in Solano County, advising that the facility has been under construction for the twelve months that plaintiff was at the facility, and that plaintiff now suffers headaches and loss of hearing due to the resulting noise and dust; and

(5) on March 25, 2013, plaintiff filed a letter (ECF No. 10) which reads that the bathroom in "N-Mod" is "full of problems" because the urinals are broken and the shower leaks water onto the floor.

In his March 11, 2013 letter, plaintiff additionally advises the court that he will be released on April 10, 2013.  ECF No. 9 at 1.

*Analysis*

It is currently unclear what claims plaintiff wants to pursue, and against which defendants/possible defendants.  While the court has a single complaint from the plaintiff, plaintiff continues to file with the court letters and notices which appear to add new claims against possible new (but unnamed) defendants.  It is also not clear what relief, if any, plaintiff seeks on account of the conditions he describes in his supplementary letters.

While the court may proceed on plaintiff's single complaint, the court does not want to foreclose any other claims that plaintiff may be attempting to raise.  However, the court must proceed on a single complaint which can be served on any defendant and which can be relief upon to provide defendants with proper notice of the claims plaintiff seeks to raise.  A "single complaint" means one comprehensive document which includes all plaintiff's allegations, and identifies the relief plaintiff seeks.

For this reason, the court will dismiss the complaint (ECF No. 5) with leave to amend.  See 42 U.S.C. § 1997e(c).  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability

4

under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests to proceed in forma pauperis (Doc. Nos. 6, 7) are granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: April 5, 2013.

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/matt0045.B